IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TECH USA, INC., *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. RDB-20-0310 |
| LAUREN A. MILLIGAN, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

TECH USA, Inc., TECH USA, LLC, and TECH USA Government Solutions, LLC (collectively "TECH USA" or "Plaintiff"[1]), have filed this five-count lawsuit against Defendant Lauren A. Milligan ("Milligan") and Defendants Zachary Piper Holdings, LLC, Zachary Piper Solutions, LLC, and Zachary Piper, LLC (the "ZP Defendants") alleging that Milligan, in leaving her employment with TECH USA to join the ZP Defendants, violated a federal statute and Maryland law. In Count I of the Complaint, TECH USA alleges that Milligan and the ZP Defendants violated the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836. (ECF No. 1.) Specifically, it is alleged that Milligan disclosed the "identity" of some TECH USA customers as well as "other information regarding those customers." (ECF No. 1 ¶ 7.) It is alleged that this information constituted a trade secret under the act. Therefore, the Plaintiff contends that this Court has federal question jurisdiction pursuant to 28 U.S.C.

---

[1] The Complaint (ECF No. 1) lists three entities as plaintiffs but refers to these three entities as singular "Plaintiff," under the title TECH USA, Inc. This Opinion accordingly refers to "TECH USA" and "Plaintiff" as a singular entity.

1

§ 1331 and requests that it exercise supplemental jurisdiction over the remaining state law claims set forth in Counts II through V pursuant to 28 U.S.C. § 1367.

Accordingly, the jurisdiction of this Court is predicated upon the contention that the disclosure of the identity of customers and information about them constitutes a trade secret. This Court has held in a series of recent opinions[2] that conclusory allegations as to customer lists do not sufficiently allege the existence or misappropriation of a trade secret without further specification. The Defendant Milligan and the ZP Defendants have each moved to dismiss this Complaint pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure (ECF Nos. 10, 11).[3] They allege that the Plaintiff fails to state a claim with respect to a trade secret under the Defend Trade Secrets Act and by extension fails to state a basis for this Court's exercise of supplemental jurisdiction over the remaining state law claims.

The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons that follow, the Defendants' Motions to Dismiss (ECF Nos. 10, 11) are GRANTED. Specifically, Count I of the Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE pursuant to Rule 12(b)(6), as there is no plausible claim presented as to misappropriation of a trade secret under the Defend Trade Secrets Act. Therefore, the state law claims set forth in Counts II through V are dismissed WITHOUT PREJUDICE pursuant to Rule 12(b)(1), as this Court has no basis to exercise supplemental

---

[2] *Albert S. Smyth Co., Inc. v. Motes*, CCB-17-677, 2018 WL 3635024 (D. Md. July 31, 2018); *S-E-A, Ltd. v. Cornetto*, JKB-18-1761, 2018 WL 3996270 (D. Md. Aug. 21, 2018); *Philips N. America LLC v. Hayes*, ELH-20-1409, 2020 WL 5407796 (D. Md. Sept. 9, 2020).

[3] Defendant Milligan's motion moves to dismiss the Complaint, or in the alternative, to compel arbitration and stay proceedings. (*See* ECF No. 11.) Milligan's arguments with respect to arbitration are not addressed in this Memorandum Opinion, as this Court will grant the Defendant Milligan's motion to dismiss and adjudication of the issue of arbitration is not ripe at this time.

jurisdiction pursuant to 28 U.S.C. § 1367. This dismissal is WITHOUT PREUDICE to the filing of an Amended Complaint within a specified time period.

## BACKGROUND

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). Plaintiff TECH USA is a Maryland corporation with its principal place of business in Millersville, MD and a mid-size competitor in the nationwide market for providing staffing and recruiting solutions. (ECF No. 1 ¶ 1, 2.) TECH USA claims to have developed "close working relationships and extensive goodwill with its existing government, prime contractor, commercial, and other customers in order to grasp and service their personnel and hiring needs." (*Id.*)

In 2005, TECH USA hired Defendant Milligan, an individual and resident of Maryland. (*Id.* ¶ 3.) Upon her hiring, Milligan and TECH USA executed the Confidentiality/Non-Competition Agreement (the "Agreement," attached to Complaint as Exhibit A, ECF No. 1-1) dated July 11, 2005. (ECF No. 1 ¶ 10.) The Agreement generally prohibits Milligan from competing with TECH USA within a defined geographic scope as well as from soliciting TECH USA employees and/or TECH USA customers and clients for a limited period of time after Milligan leaves the company's employ. (*Id.* ¶ 13.) The Agreement also provides that Milligan may not "use for [her] own benefit, or the benefit of any third party, or disclose or divulge to any third party, any Confidential Information," as defined by the Agreement, "or

Trade Secrets," as defined in the Maryland Uniform Trade Secrets Act.   (*Id.* ¶ 20.) "Confidential Information" is defined by the Agreement as information:

> not generally known by [TECH USA's] competitors or the general public concerning [TECH USA], including, but not limited to: (a) its/their financial affairs, sales, and marketing strategies, acquisition plans, pricing and costs; (b) any of the following information about corporations or other entities (collectively Customers) for whom [TECH USA] employs, recruits, supplies or otherwise finds or arranges employees: any such Customer's or Customer's names, addresses, telephone numbers, contact persons, staffing requirements, and/or margin tolerances regarding pricing; . . . .

(*Id.* ¶ 20.)  Such information is stored in the TECH USA database, which came into use in 2006.  (*Id.* ¶ 26.)  To access the database, a unique username and password are required, both of which are inactivated when an employee leaves the company.  (*Id.*)

After working for the company for more than 15 years, Milligan informed TECH USA of her resignation and her intention to work for ZP Defendants, a group of Virginia limited liability companies, headquartered in McLean, Virginia.  (*Id.* ¶ 3-6.)  The Plaintiff alleges that at some point prior to her resignation from TECH USA, Milligan met (either by phone, video, or in person) with at least one representative from the ZP Defendants, and:

> in the course of such meeting(s) and/or subsequently, disclosed to one or more of the ZP Defendants the identity of certain TECH USA Customers as well as other information regarding those customers, which customer information constitutes TECH USA's Confidential Information and/or Trade Secrets.

(*Id.* ¶ 14.)  TECH USA alleges that Milligan made such disclosures in violation of the federal Defend Trade Secrets Act ("DTSA"), as well as the Agreement.  (*Id.* ¶¶ 10, 14.)  TECH USA also alleges that because Defendant Milligan has refused to return to her key to the TECH USA building, she has the ability to access the building and, by extension, TECH USA's Trade Secrets and Confidential Information.  (*Id.* ¶ 33.)

On October 23, 2020, TECH USA filed a five-count lawsuit against Milligan and her new employer, the ZP Defendants, alleging violation of the federal Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, *et seq.* (Count I), as well as various violations of state law, including breach of contract (Counts II and III), statutory trade secret misappropriation under the Maryland Uniform Trade Secrets Act, Md. Code Ann, Comm. Law § 11-1201(e) (Count IV), and tortious interference with contract (Count V). On December 8, 2020, both Defendants filed Motions to Dismiss (ECF Nos. 10, 11) arguing, in part, that TECH USA has failed to state a plausible claim for relief under the DTSA and that, in the absence of a federal cause of action or diversity of citizenship,[4] this Court lacks jurisdiction to hear the Plaintiff's remaining state law claims.

## STANDARD OF REVIEW

I.   **Rule 12(b)(6)**

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

---

[4] As the Plaintiff TECH USA is a Maryland corporation and the Defendant Milligan is a resident of Maryland, there is clearly no diversity of citizenship jurisdiction.

The United States Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). In *Twombly*, the Supreme Court articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true all factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) ("Although we are constrained to take the facts in the light most favorable to the plaintiff, we need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." (internal quotation marks omitted)). Second, a complaint must be dismissed if it does not allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679.

## II. Rule 12(b)(1)

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought by a complaint. *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). This challenge under Rule 12(b)(1) may proceed either as a facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted). With respect to a facial challenge,

a court will grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis*, 367 F. Supp. 2d at 799. When addressing such a facial challenge, "the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Kerns*, 585 F.3d at 192 (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).

## ANALYSIS

### I. TECH USA fails to state a claim under the DTSA.

In Count I of the Complaint, Plaintiff TECH USA alleges that both Milligan and the ZP Defendants are liable for misappropriation of trade secrets under the Defend Trade Secrets Act ("DTSA"). That act allows the "owner of a trade secret that is misappropriated" to bring a private cause of action in federal court "if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce." 18 U.S.C. § 1836(b)(1). As Judge Hollander of this Court has recently noted, to prevail on a claim for misappropriation under the DTSA, "the plaintiff must allege: (1) it owns a trade secret which was subject to reasonable measures of secrecy; (2) the trade secret was misappropriated by improper means; and (3) the trade secret implicates interstate or foreign commerce." *Philips North America LLC v. Hayes*, ELH-20-1409, 2020 WL 5407796, at *7 (D. Md. Sept. 9, 2020) (citing 18 U.S.C. § 1836(b)(1)).

The alleged basis for both Defendants' liability under the DTSA in this case is Milligan's alleged disclosure of information to the ZP Defendants prior to Milligan's resignation from TECH USA. The Complaint alleges:

> At some point prior to her resignation from TECH USA, Defendant Ms.
> Milligan met by phone and/or virtually and/or in-person with representative(s)

7

> of one or more of the ZP Defendants, and, in the course of such meeting(s) and/or subsequently, disclosed to one or more of the ZP Defendants the identity of certain TECH USA Customers as well as other information regarding those customers, which customer information constitutes TECH USA's Confidential Information and/or Trade Secrets.

(ECF No. 1 ¶ 14.) The Complaint plainly does not provide the specific circumstances of Milligan's contact with the ZP Defendants, including the medium through which Milligan communicated, the number of people with whom she met, and, critically, the exact nature of the information she allegedly shared. TECH USA's claim for misappropriation is based on the disclosure of "the identity of certain TECH USA Customers" as well as "other information regarding those customers." This is insufficient to state a claim for relief under the DTSA.

First, TECH USA has not alleged that the identities of its customers, alone, are protectable as trade secrets. In *S-E-A, Ltd. v. Cornetto*, this Court rejected the plaintiff's arguments that its client database was a trade secret because it included "client contact persons and their contact information, clients' historical usage of [the plaintiff]'s services," as well as "purchasing needs and preferences." JKB-18-1761, 2018 WL 3996270, at *2 (D. Md. Aug. 21, 2018). The Court held the information was not protected by the DTSA because the plaintiff had failed to allege "that the individuals and entities to whom it provide[d] services [were] not readily discernible, by someone outside of [the plaintiff's company]." *Id.* In this case, TECH USA does not allege which customer identities were supposedly disclosed, nor that those particular identities and/or their contact information were unavailable to the public. The Complaint also does not allege that TECH USA took measures to maintain the confidentiality of its customers' identities or their contact information. TECH USA has simply failed to allege a violation of the DTSA on the basis of Milligan's alleged disclosure of

customer identities.

TECH USA's Complaint does allege that in addition to customer identities, Milligan also disclosed "other information," but such assertion is still insufficient to state a claim for relief in this case. The Complaint baldly asserts that Milligan was in possession of allegedly protected information. Count I provides that Milligan was entrusted with information including "points of contact such as hiring managers at such customers (including without limitation such managers' email addresses and direct dial telephone numbers) and such customers' pricing/margins for contract assignments of personnel direct places, right-to-hire agreements, and other staffing solutions preferred by such customers." (*Id.* ¶ 32.) In *Philips*, Judge Hollander of this Court noted that similar information regarding customers' buying habits, pricing, and business strategy may qualify for protection under the DTSA under some circumstances. 2020 WL 5407796, at \*8. Similarly, in *Albert S. Smyth Co., Inc. v. Motes*, Judge Blake of this Court found that customer records and lists along with other information was protectable as trade secrets under the DTSA. CCB-17-677, 2018 WL 3635024, at \*4 (D. Md. July 31, 2018). However, unlike the plaintiffs in *Philips* and *Smyth*, TECH USA has not alleged what *specific* proprietary information the defendant supposedly misappropriated, let alone *why* such information should be protected as discussed above.

In *Philips*, the plaintiff alleged that the defendant disclosed "manufacturing information, national product supply funnel information, business and strategic plans, marketing, account strategies, pricing, national orders and sales," as well as that the defendant retained "pending, potential or completed sales to specific customers." 2020 WL 5407796, at \*8. The *Philips* plaintiff further alleged that in the days before his departure, the defendant had

"printed about 40 documents from [plaintiff's] computer system," including "plaintiff's business plans for 2019 and 2020; lists of pending orders and sales funnels for the United States; information regarding manufacturing status of completed sales; presentations regarding [plaintiff's] market initiatives; marketing and strategic plans and information regarding specific [plaintiff] customers, orders, pricing, and sales initiatives." *Id.* at \*3, \*8.  The complaint went on to also allege that forensic analysis of the defendant's computer showed that he attempted to connect a flash drive and download confidential information prior to his departure. *Id.* at \*4.  The plaintiffs specifically alleged the disclosure of the documents printed by the defendant and information that he attempted to download to the flash drive.

In *Smyth*, the plaintiff specifically alleged the misappropriation of customer lists *in addition to* the "buying habits of over 69,000 customers" as well as the company's "pricing information, vendor relationships, and business strategies," which Judge Blake stated, "no doubt, would be of value to a competitor." 2018 WL 3635024, at \*4.  Her opinion continues explaining that "[i]n competition for sales, information about potential customers *and* their buying habits, a competitor's pricing, business strategies, and vendors is a windfall, granting the recipient a key to undercut the competition's pricing, outbid their vendor contracts, and attract their customers." *Id.* (emphasis added).  The plaintiffs in that case alleged that the defendant misappropriated the plaintiff's trade secrets when he began copying the listed business information to a Dropbox account that he owned, and he later repeatedly accessed such account after his departure from the plaintiff-company. *Id.* at \*2.  The plaintiff also alleged the measures it took to protect all of the identified records, including passwords and usernames as well as company policies that outlined what information was to be kept

10

confidential. *Id.*

In this case, TECH USA makes the conclusory allegation that certain information listed in Count I is protected not only by contract but also by the DTSA. (*See* ECF No. 1 ¶¶ 31-32.) However, even if this information allegedly possessed by Milligan is in fact protectable as trade secrets under federal law, TECH USA's bare allegation that Milligan met in some capacity with an unknown number of representatives of the ZP Defendants and provided "other information" is insufficient to plausibly state a claim for misappropriation under the DTSA. Without any allegations regarding the specific information Milligan allegedly *disclosed* to the ZP Defendants—not just allegations of what information Milligan allegedly *possessed* at the time of the disclosure—the Plaintiff's claim must be dismissed.

Finally, the fact that Defendant Milligan refused to return her key to TECH USA's office building does not alter this analysis. TECH USA argues that "the key, among other things, gives Defendant Milligan unauthorized access to the TECH USA office building and, thereby, to TECH USA's Trade Secrets and Confidential Information." (ECF No. 1 ¶ 21.) However, this Court has clearly held that the mere ability to access a trade secret is not sufficient to constitute misappropriation under the DTSA. *See Swedish Civil Aviation Admin. v. Project Mgmt. Enter. Inc*, 190 F. Supp. 2d 785, 800 (D. Md. 2002) (citing *Diamond v. T Row Price Assocs., Inc.*, 852 F. Supp. 372, 409 (D. Md. 1994)). Even if it were, the Complaint specifically states that TECH USA's confidential information was stored in a database for which Milligan's unique username and password would have terminated upon her departure. (ECF No. 1 ¶ 26.) Even if TECH USA does possess some information protected by the DTSA, the Complaint has not alleged that Milligan in fact retains access to that information, nor that such access

would be sufficient to state a claim for relief.  Overall, TECH USA simply has not stated a plausible claim under the DTSA and Count I of the Complaint is DISMISSED.

**II.     This Court lacks jurisdiction with respect to the remaining state law claims.**

District courts of the United States are courts of limited jurisdiction and possess only the "power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (citation omitted); *see Home Buyers Warranty Corp. v. Hanna*, 750 F.3d 427, 432 (4th Cir. 2014).  They "may not exercise jurisdiction absent a statutory basis . . . ." *Exxon Mobil Corp.*, 545 U.S. at 552.  Indeed, a federal court must presume that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper.  *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)).

The basis of this Court's jurisdiction is federal question jurisdiction over civil actions that arise under the Constitution, laws, or treaties of the United States.  *See* U.S. Const. art. III, § 2 ("The judicial power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made . . . ."); *see also* 28 U.S.C. § 1331; *Exxon Mobil Corp.*, 545 U.S. at 552.  A federal court may exercise supplemental jurisdiction over claims that otherwise would not be within the federal jurisdiction if the claims arise from the same set of facts as those claims that are properly before the court.  *See* 18 U.S.C. § 1367; *see also* 13 C. Wright, A. Millers, & E. Cooper, *Federal Practice and Procedure* § 3523 (1984).  Supplemental jurisdiction cannot be exercised in the absence of original jurisdiction.

In this case, TECH USA claims that this Court has original subject matter jurisdiction under 28 U.S.C. § 1331 based on the federal statutory trade secret claim in Count I, as well as

supplemental jurisdiction under 18 U.S.C. § 1367 for the remaining state law claims. However, as the above discussion explains, this Court must dismiss Count I of the Complaint for failure to state a claim for relief. A district court may decline to exercise supplemental jurisdiction over a claim when all claims over which the court had original jurisdiction have been dismissed. *See S-E-A, Ltd.*, 2018 WL 3996270, at *3 (citing 18 U.S.C. § 1367(c)). Further, "'[w]hen, as here, the federal claim is dismissed early in the case the federal courts are inclined to dismiss the state law claims without prejudice rather than retain supplemental jurisdiction.'" *See Petrovia v. Prime Care Med., Inc.*, RDB-20-2522, 2021 WL 307414, at *3 n.2 (D. Md. Jan. 29, 2021) (quoting *Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (internal citations omitted)). Absent a federal question, this Court has no basis to exercise jurisdiction over TECH USA's remaining state law claims. Such claims are DISMISSED pursuant to Federal Rule of Civil Procedure 12(b)(1). This dismissal for lack of jurisdiction is not on the merits and is WITHOUT PREJUDICE, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits. *See Southern Walk at Broadlands Homeowners Ass'n, Inc. v. Openband at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) (citing Fed. R. Civ. Pro. 41(b)).

## CONCLUSION

For the foregoing reasons, Plaintiff TECH USA's Complaint is DISMISSED WITHOUT PREJUDICE pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure with respect to the Plaintiff's claims in Count I under the Defend Trade Secrets Act for failure to state a claim upon which relief can be granted. The Complaint is DISMISSED WITHOUT PREJUDICE pursuant to Rule 12(b)(1) with respect to Counts II through V. As a general

rule, leave to amend a complaint to address deficiencies in an original complaint is freely given pursuant to Rule 15(a). *See* William W. Schwarzer, A. Wallace Tashima, & James M. Wagstaffe, *Federal Civil Procedure Before Trial* § 9:286. Indeed, there is authority that a plaintiff should be given at least one opportunity to amend a complaint before a dismissal of the case with prejudice. *See Silva v. Bieluch*, 351 F.3d 1045, 1048 (11th Cir. 2003). However, there is also authority that leave to amend does not need to be granted unless requested by the plaintiff. *See Central Laborers' Pension Fund v. Integrated Elec. Servs. Inc.*, 497 F.3d 546, 555-56 (5th Cir. 2007); *see also* Schwarzer, Wallace & Wagstaffe, *Federal Civil Procedure* § 9:287.10. Nevertheless, leave to amend may be denied if such amendment is deemed futile. Schwarzer, Wallace & Wagstaffe, *Federal Civil Procedure* § 9:294.1; *see also Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008).

As this Memorandum Opinion explains, Plaintiff TECH USA has failed to allege a claim for relief under the Defend Trade Secrets Act because it has not sufficiently alleged that the information disclosed by Defendant Milligan is protectable as a trade secret under federal law, nor what allegedly protected information was actually disclosed. The bare allegation that Defendant Milligan disclosed customer lists and "other information" related to those customers is insufficient to state a plausible claim. Consistent with the recent decisions of this Court, the Plaintiff must allege what specific protected, confidential information was disclosed to a third party and has failed to do so. If the Plaintiff possesses facts to cure such manifest deficiencies addressed in this Memorandum Opinion, TECH USA may file an Amended

Complaint within fourteen days of this Opinion, i.e. by March 15, 2021.[5]  Such an Amended Complaint may still be subject to dismissal by reason of repeated failure to cure deficiencies or futility of the amendment.  *Abaginin*, 545 F.3d at 742.  Accordingly, the Dismissal of the Complaint will be initially WITHOUT PREJUDICE.  If an Amended Complaint is not filed by March 15, 2021, the Clerk of this Court is instructed to CLOSE this case with a DISMISSAL WITH PREJUDICE.

       A Separate Order follows.

Dated: March 1, 2021.

                                                              /s/
                                       Richard D. Bennett
                                       United States District Judge

---

[5] Schwarzer, Wallace & Wagstaffe, *Federal Civil Procedure* § 9:289.  The time within which plaintiff must serve and file the amended complaint is ordinarily set by the court.